UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

**UNITED STATES OF AMERICA,**

    v.

                                                      Cr. No. 06-505M (JMF)

**ADAM LONG,**

    **Defendant**

---

## DETENTION MEMORANDUM

The defendant waived a preliminary hearing and I then granted the government's motion for pre-trial detention. This memorandum states my reasons.

## THE GOVERNMENT'S CASE

A police detective, posing as a 12-year-old girl, entered an Internet chat room and "met" the defendant electronically. In a lurid conversation, the defendant invited what he thought was a child to have sex with him and then traveled to the District of Columbia to meet the child for sex, only to be arrested by the police.

## REASONS FOR DETENTION

### Eligibility

The government seeks the defendant's pre-trial detention pursuant to 18 U.S.C. section 3142(f)(1)(A), which authorizes the pre-trial detention of a defendant who, like this defendant, is charged with a crime of violence. Since the defendant is charged with violation of Chapter 109A of Title 18 of the United States Code, specifically 18 U.S.C. section 2243, and 18 U.S.C. section

3156 defines as a crime of violence any felony under chapter 109A, defendant is eligible for pre-trial detention.

## Pertinent Factors

In determining whether there are conditions of release that will reasonably assure the appearance of the defendant in court as required and the safety of the community, the court is to consider:

1. The nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;

2. The weight of the evidence;

3. The history and characteristics of the person, including

    a. His character, physical and mental condition, family ties, employment, financial resources, length of residence in the community and community ties;

    b. Past conduct and history relating to drug or alcohol abuse;

    c. Criminal history;

    d. Record concerning appearance at court proceedings;

    e. Whether, at the time of the current offense or arrest, the person was on probation, parole, or on other release pending trial, sentencing, appeal or completion of sentence for an offense under Federal, State or local law;

4. The nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142.

**Analysis**

An analysis of these factors compels the conclusion that the defendant should be detained.

**The nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug.**  The offense charged, traveling from Maryland to the District of Columbia for the purpose of engaging in sexual conduct, is a heinous crime of violence perpetrated by an adult against a child. The government indicates that the defendant faces a ten year mandatory minimum.

**Defendant's character, physical and mental condition, family ties, employment, financial resources, and length of residence in the community.**  The defendant is presently unemployed but used to be a baggage handler at the airport.  He is British by birth and lives with his father in Maryland.

**The weight of the evidence.**  The weight of the evidence is beyond overwhelming.  The defendant's conversation with the detective was captured verbatim by the detective's computer. In addition, following the Internet conversation, the defendant drove to the location identified by the detective posing as the child.

**History relating to drug or alcohol abuse.**  No information was available as to this factor.

**Record concerning appearance at court proceedings and prior criminal record.**  The defendant has no prior criminal record.

**CONCLUSION**

The nature of this offense bears significantly on my decision to detain the defendant.  The dangerousness this defendant poses to the community, if he is released, is one I cannot ignore.

Furthermore, the means by which the defendant communicated with the detective, via the Internet, cannot be controlled or limited in any way by this Court, short of keeping this defendant in custody pending his trial. Internet access is available for a small fee at numerous public settings including internet cafes, libraries, hotels, and even airports. Surely, by now, persons who engage in this behavior know that the police are engaging in "sting operations," and that what they are doing involves tremendous risk; indeed, this defendant asked the "child" if she was a cop. The willingness to nevertheless engage in this behavior speaks volumes about how compelling is their proclivity to secure sexual satisfaction from vulnerable children. This obvious danger is not one which I can reduce to a tolerable level, let alone eliminate, by any condition of release I could set. I, therefore, conclude that there are no conditions I could set that would reasonably assure this defendant's appearance or that would assure that he would not commit new crimes if released. I therefore conclude that he should be detained pending trial.[1]

_____
JOHN M. FACCIOLA
UNITED STATES MAGISTRATE JUDGE

Dated:

---

[1] At a bench conference, the government made certain representations about the defendant's father's behavior when the police arrived to seize a computer. Defendant challenged those representations. I must state that I did not consider the government's representations at all in determining that the defendant should be detained pending trial.